SUMMARY ORDER

Irene Igorevna Yuhter, a native and citizen of Uzbekistan, seeks review of a September 16, 2008 order of the BIA, affirming the January 11, 2007 decision of Immigration Judge (“IJ”) Sandy K. Horn, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Irene Igorevna Yuhter, No. A75 806 544 (B.I.A. Sep. 16, 2008), aff'g No. A75 806 544 (Immig. Ct. N.Y. City Jan. 11, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence *827 standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As a preliminary matter, Yuhter explicitly abandoned her claim for CAT relief in her brief to this Court. Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Additionally, because Yuhter failed to challenge the BIA’s rejection of her newly submitted evidence, any such challenge is waived. Id.
Yuhter’s sole argument on appeal is that there was “no indication from the [agency] whether it considered the cumulative effect of the past mistreatment [she] suffered” in conducting its analysis. This argument is without merit. While this Court has held that the cumulative effect of the applicant’s experience must be taken into account, see Poradisova v. Gonzales, 420 F.3d 70, 79-80 (2d Cir.2005), here, the IJ explicitly found that the cumulative effect of the incidents that Yuhter alleged did not rise to the level of persecution. See Ivanishvili, 433 F.3d at 341. Indeed, in considering Yuhter’s claim, the IJ noted her numerous allegations of threats, harassment, and discrimination and found that the cumulative effect of those events did not rise to the level of persecution. Id. Therefore, the agency properly considered Yuhter’s claim in the aggregate and did not err in finding that she failed to establish eligibility for asylum. Inasmuch as Yuhter bases her claim for withholding of removal on the same factual predicate as her asylum claim, it necessarily fails. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is hereby DENIED. Having completed our review, the temporary stay of removal that the Court previously granted in connection with this petition is hereby VACATED.